UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

——————————————————————

DEWAYNE PRESSLEY,                                    Civil No. 05-534 (JRT/JGL)

            Petitioner,

      v.                                             **REPORT AND RECOMMENDATION**

UNITED STATES ATTORNEY GENERAL,
et al.,

            Respondents.

——————————————————————

      This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2241.  The matter has been referred

to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule

72.1(c).  For the reasons discussed below, it is recommended that this action be DISMISSED

WITHOUT PREJUDICE.

      Petitioner, an inmate at the Federal Medical Center in Rochester, Minnesota,

commenced this action in the United States District Court for the District of Columbia.  The

case was transferred to this District, because Petitioner is currently confined here in

Minnesota.  This Court reviewed the file shortly after it arrived here, and found Petitioner's

habeas corpus application to be deficient in several respects.  Therefore, by order dated

March 16, 2005, (Docket No. 4), the Court directed Petitioner to file an amended habeas

corpus petition that would cure the defects found in the original petition.  That order clearly

informed Petitioner that if he did not file an adequate amended petition by April 5, 2005, the

Court would recommend that this action be summarily dismissed pursuant to Fed. R. Civ. P.

41(b).

The deadline for submitting an amended petition has now expired, and Petitioner has failed to comply with the Court's prior order.  Petitioner has filed a self-styled document entitled "Motion To Supplement (Add) To the Record – Relief Sought in Civil Action No. 050296. With Two Hundred Million Dollars In Punitive and Monetary Damages, (200,000,000)," (Docket No. 8), but that submission is clearly inadequate.  Petitioner's "Motion" does not come close to meeting the requirements of the prior order because (a) it is not an Amended Habeas Corpus Petition, (b) it was not submitted on the prescribed habeas corpus petition form, (c) it does not clearly identify each of Petitioner's individual grounds for relief, and it does not describe the factual and legal bases for his claims, (d) it does not address the exhaustion of administrative remedies requirement, and (e) it does not explain why this proceeding should not be treated as an "abuse of the writ."  Furthermore, it appears that Petitioner is seeking relief other than an expedited release from custody, (namely money damages), which is not available in an action brought under the federal habeas corpus statutes.  See Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) ("[i]f the prisoner is not challenging the validity of his conviction or the length of his detention... then a writ of habeas corpus is not the proper remedy").

Because Petitioner has failed to comply with the Court's prior order, it is now recommended, in accordance with that order, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Given the Court's recommendation that this action be summarily dismissed, it is further

recommended that Petitioner's pending application to proceed in forma pauperis, (Docket

No. 2), as well as his "Motion to Supplement," (Docket No. 8), be summarily denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Petitioner's "Motion To Supplement (Add) To the Record – Relief Sought in Civil

Action No. 050296. With Two Hundred Million Dollars In Punitive and Monetary Damages,

(200,000,000)," (Docket No. 8), be **DENIED**; and

3. This action be summarily **DISMISSED WITHOUT PREJUDICE**.


Dated: April 21, 2005

s/Jonathan Lebedoff
  _____
  JONATHAN LEBEDOFF
  Chief Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties by May 10, 2005, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party*s brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.